**Salvador SERRATOS–QUIROZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–75082.

United States Court of Appeals, Ninth Circuit.

*See* Fed. R.App. P. 34(a)(2).

**662**

Submitted June 15, 2011.*

Filed June 24, 2011.

Alisa S. Thomas, Law Offices of Alisa S. Thomas, Santa Cruz, CA, for Petitioner.

OIL, Manuel Palau, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, O'SCANNLAIN and FISHER, Circuit Judges.

### MEMORANDUM **

Salvador Serratos–Quiroz, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals order dismissing his appeal from an immigration judge's (IJ) denial of his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

Our review of the record reveals no support for Serratos–Quiroz's contention that the IJ prejudged his cancellation claim or displayed any bias or animosity toward him. *See Vargas–Hernandez v. Gonzales,* 497 F.3d 919, 925–26 (9th Cir. 2007) (acknowledging the agency's standard for recusal set forth in *Matter of Exame,* 18 I. & N. Dec. 303, 306 (BIA 1982)).

We lack jurisdiction to review the agency's discretionary determination that Serratos–Quiroz failed to show exceptional and extremely unusual hardship to his U.S. citizen children. 8 U.S.C. § 1252(a)(2)(B); *Mendez–Castro v. Mukasey,* 552 F.3d 975, 979 (9th Cir.2009).

Finally, Serratos–Quiroz's contention that his removal would result in the deprivation of his children's right to remain with their father—does not raise a constitutional claim. *See Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1012–13 (9th Cir. 2005) (explaining that agency necessarily considers effect of parent's removal on the interests of the child, and does not act in a manner contrary to Congress' intent, when evaluating and denying cancellation claim); *Salvador–Calleros v. Ashcroft,* 389 F.3d 959, 963 (9th Cir.2004) (holding that hardship standard does not violate due process).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.